IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Carolyn P. Knight | ) | Civil Action No.: 6:09-2011-JMC-BHH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| Crystal Geyser Roxanne LLC, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the defendant's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. [Doc 45.] The plaintiff filed a one-page response in opposition. [Doc. 56.]

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(e), D.S.C., all pretrial matters involving litigation by individuals proceeding *pro se* are referred to a United States Magistrate Judge for consideration. Plaintiff Carolyn P. Knight, is *pro se.*

## FACTUAL BACKGROUND

The plaintiff alleges that she purchased a case of bottled water from the Dollar General retail store in Fountain Inn, South Carolina, on the afternoon of November 7, 2008. (Pl. Dep. at 29, 32.) The water at issue was Clover Valley Natural Spring Water, which is produced and distributed by the defendant, Crystal Geyser Roxanne, L.L.C. The plaintiff took the case of water to her home and placed it in her refrigerator. *Id*. at 36. According to the plaintiff, the case was sealed with plastic and she did not immediately open the case when she placed it in the refrigerator. *Id*. at 17-22.

That same evening at some point around midnight, the plaintiff got out of bed to retrieve a bottle from the case of Crystal bottled water located in the refrigerator. *Id*. at 50.

The plaintiff drank approximately one quarter of the water from the bottle immediately upon opening it. *Id*. at 52. She then replaced the cap on the bottle and went back to bed. *Id.* at 17-20.

The plaintiff woke up two other times during the night and drank more water from the bottle. *Id*. at 52-53. When she drank from the bottle at approximately 4:00 a.m., she felt something in the water come in contact with her lips. *Id*. at 53. The plaintiff turned on a light to inspect the bottle and observed an "open capsule" and "some little things floating around in the water." *Id*. at 55-56. The capsule was a "cream color," and the plaintiff observed both ends of the capsule floating in the water. *Id*. at 56. She also observed a "milky" residue floating in the water. *Id*. at 57.

Upon discovering the capsule in the water, the plaintiff reported to a hospital emergency room complaining of increasing pain in her throat. *Id*. at 60. According to the plaintiff, the emergency room staff refused to treat her when she reported immediately after the accident. *Id*. at 61.

The plaintiff subsequently reported to her primary care physician, Dr. Joshi, for treatment after the incident. *Id*. at 62. She was diagnosed with an inflamed throat and was prescribed antibiotics. *Id*. at 62. Thereafter, the plaintiff reported to the Fountain Inn Police Department to present the water bottle for investigation. *Id*. at 63. According to the plaintiff, she was advised by two police officers to seek advice from an attorney. *Id*. Thereafter, the plaintiff retained an attorney, and this action was filed, on June 25, 2009, in state court.

## APPLICABLE LAW

Federal Rule of Civil Procedure 56(c) states, as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position

is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252.

Likewise, conclusory allegations or denials, without more, are insufficient to preclude the

granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759

F.2d 355, 365 (4th Cir. 1985). "Only disputes over facts that might affect the outcome of

the suit under the governing law will properly preclude the entry of summary judgment.

Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477

U.S. at 248. Furthermore, Rule 56(e) provides in pertinent part:

> When a motion for summary judgment is made and supported
> as provided in this rule, an adverse party may not rest upon the
> mere allegations or denials of the adverse party's pleadings,
> but the adverse party's response, by affidavits or as otherwise
> provided in this rule, must set forth specific facts showing that
> there is a genuine issue for trial. If the adverse party does not
> so respond, summary judgment, if appropriate, shall be
> entered against the adverse party.

Fed. R. Civ. P. 56(e). Accordingly, when Rule 56(e) has shifted the burden of proof to the

non-movant, he must produce existence of every element essential to his action that he

bears the burden of adducing at a trial on the merits.

## DISCUSSION

The plaintiff alleges a single cause of action of common law negligence against the

defendant. (Compl. ¶ 10.) Specifically, the plaintiff contends that the defendant was

"negligent, grossly negligent, willful or wanton in one or more of the following particulars:

a.      In producing a bottle of water with a foreign object in it;

b.      In failing to inspect the water properly before it left the control of
        [Crystal];

c.      In allowing a foreign object to be placed into [the bottle] during the
        bottling stage;

4

d.  In failing to have a proper quality control system in place to determine foreign objects in the bottles; and

e.  In failing to take proper care to prepare and distribute the bottles of water[.].

(Compl. ¶ 10.)  The plaintiff contends that she sustained physical injuries and damages as a direct result of such alleged negligent conduct. (Compl. ¶ 11.)

As the defendant suggests, a plaintiff asserting a claim of common law negligence in South Carolina must establish (1) the existence of a duty on the part of the defendant; (2) a breach of the duty through a negligent act or omission; and (3) damages that result proximately result from said breach. *Shaw v City of Charleston*, 567 S.E.2d 530 (S.C. Ct. App. 2002).  The plaintiff bears the burden of demonstrating that the defendant breached a duty of care through some act or omission in order to establish a *prima facie* case of negligence. *Dorell v SCDOT*, 605 S.E.2d 12, 15 (S.C. 2004). Further, the plaintiff must set forth sufficient evidence to show that the negligent act or omission of the defendant was the actual and proximate cause of the alleged damages. *Id*.

According to the plaintiff's Complaint, the breach of duty on the part of the defendant arose out of its alleged conduct in "preparing and distributing a bottle of water with a foreign object in it."  (Compl. ¶ 8.)  Unfortunately, the plaintiff has not been able to represent herself well in meeting the burden which Rule 56 of the Federal Rules of Civil Procedure imposes upon her.  *See* Fed. R. Civ. P. 56.  She has submitted a one page response, which is neither responsive to the defendant's motion for summary judgment nor does it independently create issues of fact concerning any element of her claim. [Doc. 56.] It includes no evidentiary showing and, at best, represents a handful of personal

representations about the current status of her alleged voice condition. *Id*. Her original state court complaint was prepared by an attorney and, therefore, cannot be taken as some kind of verified declaration. Out of an abundance of caution, the Court asked the plaintiff whether she intended to file anything further, but she indicated that the one page letter was the entirety of her response. [Doc. 55.] Even liberally construed, the presentation cannot rescue her claim at summary judgment.

As an initial matter, precisely because the plaintiff has made no evidentiary showing whatsoever, there is of course no evidence in the record that any foreign substance was ever in the bottle, as the plaintiff contends. As stated, the plaintiff has offered no affidavit, no medical record, and no physical evidence. Even her brief response does not include any bald allegation concerning it.

In contrast, the defendant has put forward the plaintiff's affirmative testimony that she did not observe a capsule (or any foreign object) in the water, when she initially removed the bottle from her refrigerator and, further, that she would have unequivocally been able to see any object that was present in the bottle if it had been there. (Pl. Dep. at 51.) Importantly, the plaintiff testified that the seal of the bottle was intact when she opened it. *Id*. at 51-52. The plaintiff testified that she consumed water from the bottle at least three separate times during the night before she allegedly observed the capsule floating in the water. *Id*. at 52-53. In other words, there is literally no evidence from which to conclude that the object was in the bottle when purchased and, yet, every reason to believe that whatever the plaintiff discovered, if anything at all, arrived there after it was opened. As stated, the plaintiff has offered no evidence or argument to rejoin the

defendant's showing.

Finally, the plaintiff has offered no evidence in regards to injury or damage. The defendant has submitted medical records, none of which indicate injury from any foreign substance of the kind the plaintiff describes. (See Def. Exs. C, G, H, I.) In fact, they hardly speak of injury at all. Examinations revealed "no evidence of chemical burning" (Def. Ex. I) and no sign of malignancy or damage to the plaintiff's vocal chords (Def. Ex. G). In fact, one physician questioned whether the plaintiff's complaints related to her voice were "a reaction that [the plaintiff] has generated." *Id*. The plaintiff already had a history of symptoms associated with reflux disease, which reasonably accounted for her symptoms. (Def. Ex. H.)

On this record, a reasonable jury could not possibly conclude that an object was in the bottle when opened, that acts or omissions of the defendant were negligently related to the presence of such an object in the bottle, or that the object itself caused her any sort of injury or damage. In fact, it would be irresponsible for the undersigned to recommend that they have any opportunity to do so. The Court is sorry for the plaintiff's declining health. And, to be clear, it is not a question of whether or not the Court believes her account. The circumstances may have been exactly as she represents them. Unfortunately, actual evidence in support of those claims is required, by law. The Court is sympathetic to the difficulties of *pro se* representation but cannot recommend that the case proceed.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, it is RECOMMENDED that defendant's motion for summary judgment [Doc. 45] should be GRANTED and the case dismissed *with prejudice*.

IT IS SO RECOMMENDED.

s/Bruce H. Hendricks
United States Magistrate Judge

October 18, 2010
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**